IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVE COLLIER, # K99552,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00870-MJR |
| ) | |
| **CHARLES W. CONRAD,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Steve Collier, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the alleged sexual advances of Dietary Supervisor Charles W. Conrad, and Conrad's retaliatory action after Plaintiff refused his advances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff Collier worked in the dietary department at Big Muddy River Correctional Center.  Defendant Conrad supervised the department and was thus Plaintiff's boss.  According to the complaint, on or about November 10, 2012, Conrad made sexual advances toward Plaintiff, which were rebuffed by Plaintiff.  In the days and months that followed, Conrad threatened that if Plaintiff wanted to continue working he would have to become a homosexual, and he strip searched Plaintiff on several occasions without cause and as a pretext to further sexually harass Plaintiff.  Plaintiff lost his job and has been "blackballed."  Conrad also issued retaliatory disciplinary reports to Plaintiff—resulting in Plaintiff having his gym/yard restricted.

Although not required to do so, Plaintiff generally presents a chronology of events that helps place his claims in perspective. After Plaintiff rejected Conrad's advances on November 10, 2012, Plaintiff was strip searched and written a disciplinary report by Conrad on November 11th. On November 18th, 2012, Plaintiff wrote a formal grievance complaining about Conrad. After harassment attributed to Conrad continued, Plaintiff lodged a second grievance on January 30, 2013. On March 14, 2013, Conrad issued a disciplinary report against Plaintiff, leading to the gym/yard restrictions. On April 2, 2013, Plaintiff again grieved Conrad's harassment, particularly the March 14 disciplinary report.

Based on the allegations of the complaint and supporting documentation, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendant Conrad sexually harassed Plaintiff and searched him in an impermissible manner, all in violation of the Eighth Amendment;**
>
> **Count 2: Defendant Conrad retaliated against Plaintiff for rebuffing his sexual advances and/or for filing grievances, in violation of the First Amendment.**

### Discussion

An Eighth Amendment claim for sexual harassment has been recognized. *See, e.g., Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). Even if there was a valid penological reason for the strip searches, the manner in which they were conducted must pass constitutional muster. *See Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013). Therefore, Count 1 shall proceed.

With respect to Count 2, it is well recognized that retaliation for filing a grievance violates the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). An oral complaint regarding a matter of public concern—such as prison personnel sexually harassing prisoners—could arguably suffice to trigger First Amendment protection against retaliation. *See Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006). And, since Plaintiff's disciplinary punishment did not implicate a liberty interest and trigger due process protection, Count 2 would not be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). Therefore, Count 2 shall proceed.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** shall proceed against Defendant **CHARLES W. CONRAD**.

The Clerk of Court shall prepare for Defendant **CHARLES W. CONRAD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the

forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 18, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**