IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVE COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-0870-MJR-SCW |
| | ) | |
| CHARLES W. CONRAD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER
ON DEFENDANT'S SUMMARY JUDGMENT MOTION**

REAGAN, District Judge:

**A.   Introduction**

In August 2013, Steve Collier (confined at Big Muddy Correctional Center, within this Judicial District) filed suit in this Court under 42 U.S.C. 1983, alleging deprivation of rights secured to him by the United States Constitution. The complaint alleged that while working in the dietary department at Big Muddy, Collier (Plaintiff) was subjected to sexual advances, sexual harassment, and retaliation at the hands of Charles Conrad, a correctional officer and Plaintiff's supervisor on the job.

On threshold review under 28 U.S.C. 1915A, the undersigned Judge found that the complaint stated two cognizable claims:  Count 1 – alleging that Conrad sexually harassed (and strip-searched) Plaintiff in violation of the Eighth Amendment, and Count 2 – alleging that Conrad retaliated against Plaintiff for (a) rebuffing Conrad's sexual advances, and (b) filing grievances against Conrad.

In November 2013, Conrad answered the complaint and asserted the affirmative defense of failure to exhaust administrative remedies. Now before the Court is Conrad's February 4, 2014 motion for summary judgment, based on Plaintiff's alleged failure to exhaust administrative remedies prior to filing this suit, as required by the Prison Litigation Reform Act, 42 U.S.C. 1997e(a). The parties filed memoranda supporting and opposing that motion.

On April 23, 2014, Magistrate Judge Stephen C. Williams conducted an evidentiary hearing (a "Pavey" hearing) on the issue of exhaustion. On April 24, 2014, Judge Williams submitted a thorough Report and Recommendation (Report). The Report recommends that the undersigned District Judge grant Defendant Conrad's motion for summary judgment. Plaintiff filed objections to the Report on May 14, 2014, which the Court deems timely, based on the evidence that Plaintiff did not *receive* the Report until May 10, 2014 (see Doc. 26, p. 5).

Timely objections having been filed, the District Judge undertakes de novo review of the portions of the Report to which Plaintiff specifically objected. **28 U.S.C. 636(b)(1); FED. R. CIV. P. 72(b); SOUTHERN DIST. OF ILLINOIS LOCAL RULE 73.1(b).** The undersigned can accept, reject, or modify Judge Williams' recommendations, receive further evidence, or recommit the matter to Judge Williams with instructions. *Id.* For the reasons stated below, the Court adopts Judge Williams' Report in its entirety. Analysis begins with the procedural standards governing analysis of Defendant's summary judgment motion.

### B. Standard Applicable to Federal Summary Judgment Motions

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe,* **743 F.3d 1101, 1105 (7th Cir. 2014),** *citing* **FED. R. CIV. P. 56(a).** *Accord Anderson v. Donahoe,* **699 F.3d 989, 994 (7th Cir. 2012).** A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Serednyj v. Beverly Healthcare, LLC,* **656 F.3d 540, 547 (7th Cir. 2011),** *citing Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 248 (1986).** *Accord Bunn v. Khoury Enterpr., Inc.,* **-- F.3d --, 2014 WL 2198557 (7th Cir. May 28, 2014).**

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson,* **699 F.3d at 994;** *Righi v. SMC Corp.,* **632 F.3d 404, 408 (7th Cir. 2011);** *Delapaz v. Richardson,* **634 F.3d 895, 899 (7th Cir. 2011).** As the United States Court of Appeals for the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving her the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in her favor." *Spaine v. Community Contacts, Inc.,* **-- F.3d --, 2014 WL 2855000 (7th Cir. June 24, 2014).**

Bearing these principles in mind, the Court assesses the record before it. Of course, the reasonable inferences drawn from this evidence must be viewed in the light most favorable to Plaintiff, the nonmovant.

3

### C. ANALYSIS

► Overview of Exhaustion Requirement

The Prison Litigation Reform Act (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), requires prisoners to exhaust administrative remedies before they file suit in federal court. **42 U.S.C. 1997e(a).** The exhaustion requirement applies to all lawsuits challenging prison conditions under 42 U.S.C. 1983 and actions under any other federal law brought by a prisoner confined in any jail or correctional facility. *See Porter v. Nussle,* **534 U.S. 516, 532 (2002)(the PLRA exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").**

As the United States Court of Appeals for the Seventh Circuit summarized in *Pavey v. Conley,* **663 F.3d 899, 903 (7th Cir. 2011)**:

> A prisoner may not bring a federal suit about prison conditions unless he first has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a)….; *Fletcher v. Menard Corr. Ctr.,* 623 F.3d 1171, 1173 (7th Cir. 2010). A remedy is not exhausted if the prisoner has failed to abide by the procedures for pursuing relief. *Woodford v. Ngo,* 548 U.S. 81, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006);…. *Burrell v. Powers,* 431 F.3d 282, 285 (7th Cir. 2005). The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving.

Exhaustion is a condition precedent to suit in federal court, so the inmate must exhaust before he commences his federal litigation; he cannot exhaust *while* his lawsuit is pending. *See Perez v. Wisconsin Department of Corr.,* **182 F.3d 532, 535 (7th Cir. 1999);** *Dixon v. Page,* **291 F.3d 485, 488 (7th Cir. 2002).** If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any

claims not fully exhausted).  *See Jones v. Bock,* **549 U.S. 199, 223 (2007);** *Burrell v. Powers***, 431 F.3d 282, 284-85 (7th Cir. 2005).**[1]  Exhaustion-based dismissals are made without prejudice.  *Burrell,* **431 F.3d at 285,** *citing Walker v. Thompson,* **288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice…"), and** *Ford v. Johnson,* **362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice").**

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp***, 458 F.3d 678, 680 (7th Cir. 2006).**  So here, Defendant Conrad bears the burden of demonstrating that Plaintiff Collier failed to exhaust all available administrative remedies before he filed this suit.  *See Kaba***, 458 F.3d at 681,** *citing Dole v. Chandler***, 438 F.3d 804, 809 (7th Cir. 2006).**

To properly exhaust within the meaning of the PLRA, the inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo v. McCaughtry***, 286 F.3d 1022, 1025 (7th Cir. 2002).** As an inmate confined in the IDOC, Plaintiff was obligated to follow the regulations contained in the IDOC's grievance procedures.  The IDOC's three-step administrative process for resolving inmate grievances is delineated in **20 Illinois Administrative Code 504.800,** *et seq.* **(West 2008).**

---

[1]     Although *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence "outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation.  *See* FED. R. CIV. P. 12(d).

At *step one*, the inmate presents his complaint to a correctional counselor. If that fails to resolve the problem, *step two* entails the inmate submitting a written grievance on a designated form to the facility's Grievance Officer within a specific period (usually the grievance must be filed within 60 days after the inmate discovers the problem about which he complains). After investigating, the Grievance Officer forwards his conclusions to the Chief Administrative Officer (CAO). The CAO's decision is furnished to the inmate. If the inmate still is unsatisfied, *step three* is an appeal in writing to the Director of the IDOC. The inmate submits the Grievance Officer's report and the CAO's decision to the Administrative Review Board (ARB). The ARB examines the documents, determines whether a hearing is needed, may interview the inmate, and may call witnesses. Ultimately, the ARB submits a written report of its findings to the Director of the IDOC who makes the final decision on the grievance. Copies of the ARB's report and the Director's final decision are sent to the inmate.

► **Application to Case at Bar**

At the times relevant to this lawsuit, Plaintiff was an IDOC inmate and Defendant Conrad was an IDOC employee. This § 1983 action by a confined individual is subject to the exhaustion requirement of the PLRA. The question before the Court is whether Plaintiff fully exhausted his available administrative remedies before filing this lawsuit alleging (1) sexual harassment and strip searches violative of the Eighth Amendment and (2) retaliation violative of the First Amendment.

Plaintiff attached to his complaint herein a number of exhibits relating to exhaustion. Included among those materials were three grievances. First, Plaintiff

attached a **November 18, 2012 grievance** asserting that Defendant Conrad sexually harassed Plaintiff and improperly touched Plaintiff during strip searches (searches taking place November 11 and November 13, 2012). The records before the Court establish that Plaintiff filed this grievance with a <u>counselor</u> on November 18, 2012, it was received and reviewed by the counselor on November 30, 2012, Plaintiff appealed to a <u>grievance officer</u> on February 19, 2013, the grievance officer reviewed/denied the grievance the same day, Plaintiff appealed to the <u>Chief Administrative Officer</u>, and the Chief Administrative Officer concurred with the finding on February 26, 2013. However, there is no record of Plaintiff filing this grievance with the <u>ARB</u>.

At the Pavey hearing conducted by Judge Williams, Plaintiff testified that he tried to send this grievance to the ARB using a pre-paid envelope, did not hear back from the ARB, attempted to re-mail the grievance to the ARB, and never got a response. Plaintiff had not included this argument in his brief opposing summary judgment and presented it for the first time at the Pavey haring. Judge Williams discredited this testimony, noting that (a) Plaintiff acknowledged at the Pavey hearing that his *other* mail sent out of Big Muddy reached its destination, and (b) Plaintiff's testimony at the hearing was riddled with inconsistencies as to the failure to file this grievance with the ARB. (For instance, his hearing testimony flatly contradicted the argument he presented in his brief opposing summary judgment and failed to square up with other evidence in the record. *See* Report, Doc. 25, pp. 9-11.)

Moreover, the Chairperson of the ARB (Terri Anderson) submitted an affidavit attesting that she never received any grievance from Plaintiff whatsoever (*see* Exh. A to

Doc. 16).  The record contains (and Plaintiff offers) no evidence countering this.  In his objections to the Report, Plaintiff maintains that he "clearly exhausted all remedies that were available at the time" (Doc. 26, p. 1), but there is no indication that he ever took the final step in the IDOC exhaustion process as to the 11-18-12 grievance, i.e., filing the a grievance with the ARB.  Like Judge Williams, the undersigned finds that Plaintiff's testimony that he attempted to submit his 11-18-12 grievance to the ARB lacks credibility.  The Court finds that Plaintiff did not fully exhaust (via the 11-18-12 grievance or otherwise) administrative remedies relating to Count 1 of this case.

Plaintiff also tendered with his complaint a **January 30, 2013 grievance** which alleges that Defendant Conrad retaliated against Plaintiff by harassing him during mealtime based on Plaintiff's filing of the grievance about Conrad's unwelcome sexual advances and an **April 2, 2013 grievance** alleging sexual harassment and retaliation by Defendant Conrad.  As to the 1-30-13 and 4-2-13 grievances, no response from a counselor or grievance officer was produced.   At the Pavey hearing, Plaintiff testified that he did exhaust these two grievances at the institutional level, but he admitted that he failed to submit these grievances to the ARB.

Plaintiff explained this failure by noting that (based on prior experience in submitting a grievance) he figured the ARB was effectively unavailable to him, and it would do no good to try to send his grievances to the ARB.  Judge Williams correctly noted in his Report that Plaintiff was required to at least *try* to exhaust his administrative remedies by submitting his grievances to the ARB, even if he believed the grievance would not reach the ARB or that the ARB would not respond (*see* Doc. 25,

p. 8). An inmate can be deemed to have exhausted if he did all he could to exhaust available remedies and was thwarted. *See, e.g., Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent the prisoner from exhausting his remedies).** *See also Walker v. Sheahan,* **526 F.3d 973, 979 (7th Cir. 2000).** But the inmate must take all necessary steps and cannot simply omit what he believes would not be worthwhile. Plaintiff concedes he did not take a necessary step (filing with the ARB) as to the 1-30-13 and 4-2-13 grievances. The Court finds that Plaintiff did not fully exhaust his available administrative remedies relating to Count 2 of this case.

The PLRA's exhaustion requirement was designed to afford correctional officials a chance to address inmate complaints internally, prior to resort to federal litigation. *See, e.g., Kaba,* **458 F.3d at 684,** *citing Woodford,* **548 U.S. at 93.** In the instance case, Plaintiff failed to fully exhaust his administrative remedies as to the claims presented in both counts of his complaint. Therefore, this Court must dismiss his claims without prejudice. *See Jones v. Bock,* **549 U.S. 199, 223 (2007);** *Burrell v. Powers*, **431 F.3d 282, 284-85 (7th Cir. 2005).**

D.   Conclusion

The undersigned District Judge concludes, as did Magistrate Judge Williams, that Plaintiff failed to exhaust his administrative remedies before filing the instant lawsuit. The Court rejects Plaintiff's objections (Doc. 26), **ADOPTS** in its entirety Judge Williams' Report and Recommendation (Doc. 25), and **GRANTS** Defendant's summary judgment motion (Doc. 16), which requested *dismissal* – the proper ruling on an

exhaustion-based motion.  The Court **DISMISSES** all claims herein without prejudice, for failure to exhaust.   No claims remaining herein, all settings will be canceled and the Clerk's Office shall close this case.

IT IS SO ORDERED.

DATED July 7, 2014.

s/Michael J. Reagan  
Michael J. Reagan  
United States District Judge